REQUESTED BY: Patrick Kelly Sarpy County Attorney
Is a detention authorization signed by a Sarpy County Separate Juvenile Court Probation Officer a valid order for placement of temporary custody as described in Section43-253, R.R.S. Nebraska?
Can the State Department of Social Services accept children adjudicated under Section 43-247, Subdivision 1, 2, and 4, R.R.S. Nebraska when such placement is requested by the Juvenile Court as described in Section 43-258, R.R.S. Nebraska and Section 43-285, R.R.S. Nebraska?
When a Juvenile Court Judge places custody in the State Department of Social Services, who has the authority to determine the course of care and treatment for the child?
How does any party petition the Court for a Motion to Review Disposition?
It is a valid order for purposes of temporary custody.
Yes for temporary evaluation under § 43-258. No for permanent placement under § 43-285 as it provides only for children under subdivision 3 of § 43-247.
The authority for determination of care and treatment rests with the Department.
Any person who comes within the definition of `party' can file an appropriate motion.
With regard to Question 1, §§ 43-253, 43-254, 43-255
must be read together and considered in context and along with §§ 43-248, 43-249, 43-250, and 43-251 which provide for temporary custody. A reading of § 43-253 indicates that the court or the probation officer shall investigate and also that the court or probation officer may release the child to an appropriate custody situation. Although the court has the sole discretion for setting bond, both the court and the probation officer are authorized to determine whether release or further detention is necessary. However, in this statute (§ 43-253) reference is made to § 43-254
which addresses placement or detention pending adjudication which requires an order of the court. As we consider the statute we must note that § 43-255 provides that the child must be released in 48 hours unless a petition or complaint has been filed upon which the court enters an order continuing placement or detention.
Read in context, it is our opinion that the probation officer can, pursuant to § 43-253, detain the child on the basis of `immediate and urgent' necessity, and release the juvenile to the custody of his or her parent, guardian, or other responsible person.
With regard to Question 2, the State Department of Social Services can accept children adjudicated under § 43-247
for evaluation at the Nebraska Center for Children and Youth. For purposes of evaluation there pending adjudication it makes no difference whether the child is or will be adjudicated subdivision 1, 2, 3, or 4. However, following adjudication when the court gets to disposition, it does make a difference. The department cannot take children adjudged to be under subdivisions 1, 2, and 4. The statutes indicate that the Department of Social Services can only accept children under subdivision 3(a) and 3(b). Put more simply, the department can accept children who are homeless, destitute, or neglected (those under 3(a)) or the habitually disobedient and uncontrollable, sometimes called `status offenders' (those under 3(b)). It cannot accept the law violator or the delinquent, (those under 1, 2, or 4).
Following is an explanatory review of the appropriate statutes. It should be noted that the Nebraska Center for Children and Youth is to assist in evaluation only, and that § 43-258 sets out no other provision for the placing of youth with the Department of Social Services.
Sections 43-284, 43-285, 43-286, and 43-287 are under the disposition section of the juvenile code. Section 43-284
provides that the court may place any child adjudged to be under subsection (3)(a) of § 43-247(a) (homeless, destitute, neglected) and (3)(b) (habitually disobedient or uncontrollable), in one of several different placements, one of which is in the care and custody of the Department of Social Services with the authority to determine the care, placement, medical, psychiatric services and training necessary for the child.
Section 43-285 delineates the duties and standing of the department once a child is committed to it.
Section 43-286 provides for the disposition of the juvenile adjudged under subsections (1), (2), (3)(b), or (4) of § 43-247 (It does not provide for those under subdivision (3)(a), i.e., the homeless, destitute, or neglected). Section43-286 makes no reference whatsoever to the Department of Social Services. Thus, indicating that they are not to be placed with the Nebraska Department of Social Services except for (3)(b) children as described in the following paragraph. It should be noted that in § 43-286 which addresses disposition of the delinquent, the Department of Corrections is mentioned but not the Department of Social Services.
Section 43-287 does, however, bring in the Department of Social Services as a placement source for one group other than (3)(a) children, the homeless, destitute, and neglected. In the case of the habitually disobedient and uncontrollable children (those adjudged under § 43-247(3)(b)), the court may enter an order committing the child to the Department of Social Services. Further, that section states the department shall have authority to determine care and treatment with interim reports to the court. Read in this context we do not see any conflict in the statutes.
With regard to Question 3, it is the opinion of this office that §§ 43-284 and 43-287 make it clear that once a child is committed to it, that the Department of Social Services has the authority to determine the care, placement, medical and psychiatric services and training necessary for the child.
With regard to Question 4 concerning the matter of a party petitioning for a dispositional review, it should be noted that § 43-245 defined `parties' as the juvenile as described in § 43-247, his or her parent, guardian or custodian. That section should be read in conjunction with 43-285
which states that the department or an association has standing as a party to file any pleading or motion. Reading the two sections together, we conclude that any person who comes within the definition of a party can file for a dispositional review.
Very truly yours,
A. EUGENE CRUMP Deputy Attorney General
Royce N. Harper Assistant Attorney General
APPROVED:
A. Eugene Crump Deputy Attorney General